IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Susan M. COTTEN, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Susan M. COTTEN, Respondent.

Supreme Court

*No. 00–2192–D. Filed April 4, 2001.*

**2001 WI 29**

(Also reported in 624 N.W.2d 360.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Susan M. Cotten's license to practice law in Wisconsin be suspended for six months for professional misconduct. That misconduct consists of failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with reasonable requests for information; failing to take steps to the extent reasonably practicable to protect the interests of a client; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board).[1] The referee also recommended that Attorney Cotten be required to pay restitution, with interest, to two clients and that she pay the costs of the proceeding.

¶ 2. We determine that the seriousness of Attorney Cotten's professional misconduct warrants a suspension of her license to practice law for six months.

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, the body will be referred to as "the Board" and all references to supreme court rules will be to those in effect prior to October 1, 2000.

¶ 3. Attorney Cotten was admitted to practice law in Wisconsin in 1995 and practices in Madison. She has not previously been the subject of an attorney disciplinary proceeding. She did not answer or otherwise appear in this disciplinary proceeding, and the referee, Judith Sperling-Newton, made findings of fact and conclusions of law in response to the Board's motion for default judgment.

¶ 4. The Board's complaint alleged misconduct with respect to three former clients. The first client hired Attorney Cotten as lead counsel to file a construction lawsuit. The client paid Attorney Cotten a $500 retainer and the $182 filing fee. The client's previous attorney was to serve as co-counsel in the case. Although the client left numerous messages with Attorney Cotten inquiring about the status of the case, the client's messages were never answered and Attorney Cotten never drafted a complaint in the matter. Attorney Cotten wrote to the client and co-counsel to indicate she was terminating her representation of the client and was returning the $182 filing fee. Co-counsel received the letter but the client did not. The client learned about the termination letter from co-counsel and made several requests to Attorney Cotten for an accounting and/or return of the file. Co-counsel eventually obtained the file from Attorney Cotten and Attorney Cotten eventually returned the retainer fee.

¶ 5. Attorney Cotten failed to respond to a letter from a Board staff investigator with respect to the first client's case. She also failed to respond to a number of letters the Board staff sent to her by certified mail. Attorney Cotten also failed to provide requested documents to the District Investigative Committee (DIC) investigators.

¶ 6. The second alleged charge of misconduct set forth in the complaint involved a family who hired Attorney Cotten to defend them in a lawsuit regarding an easement. Attorney Cotten filed an answer to the complaint in the case but failed to appear at a telephone hearing. The circuit court entered a default judgment awarding the plaintiff an ingress and egress easement over the clients' property. The clients, believing that Attorney Cotten had taken care of the matter, were unaware of the easement until a new owner purchased the adjoining property.

¶ 7. The clients subsequently hired Attorney Cotten to defend them in a foreclosure/replevin lawsuit and they paid her a $600 retainer. Attorney Cotten filed an answer but never served it on plaintiff's counsel. The circuit court issued foreclosure and replevin judgments in favor of the plaintiff in excess of $150,000. One of the clients made multiple attempts to contact Attorney Cotten to file a motion to vacate the judgments. Attorney Cotten did not initially return the clients' calls but eventually told them she had taken care of everything. In fact Attorney Cotten had not succeeded in having the judgments vacated. The clients hired successor counsel who was successful in having the judgments vacated. The clients requested a return of their $600 retainer but Attorney Cotten failed to return it.

¶ 8. Attorney Cotten failed to respond to a letter from a Board staff investigator. She also failed to respond to a subsequent letter that Board staff sent to her by certified mail, and she also failed to provide requested documents to DIC investigators.

¶ 9. The third matter alleged in the Board's complaint involved a couple who hired Attorney Cotten to prepare wills for them. The couple executed the wills

and paid Attorney Cotten $500. She retained the original wills and did not give the clients copies. The clients repeatedly requested copies of their wills but Attorney Cotten failed to respond to their letters or telephone calls.

¶ 10. Attorney Cotten failed to respond to a letter from a Board staff investigator requesting a response to the clients' grievance. Subsequent investigative letters, including one sent by certified mail, also went unanswered. Attorney Cotten did not follow through with a promise to DIC investigators that she would provide the clients with copies of the wills. She also did not return the $500 payment she received from the clients.

¶ 11. Attorney Cotten was served with an order to answer and complaint in this proceeding on August 14, 2000, by a Dane county deputy sheriff. The clerk of this court mailed her a notice on September 11, 2000, reminding her of her requirement to file an answer to the complaint. On September 14, 2000, Board counsel filed a motion for default judgment and supporting affidavit.

¶ 12. The referee left messages with Attorney Cotten attempting to schedule a telephone status conference in the matter. Attorney Cotten never responded to the messages. On September 27, 2000, the referee conducted the scheduled telephone status conference. Although the referee attempted to reach Attorney Cotten, she was unable to do so.

¶ 13. The referee concluded that by failing to file suit on behalf of the first client, by failing to appear at a telephone hearing and by failing to serve an answer on plaintiffs' counsel in a foreclosure/replevin case, which resulted in judgments of foreclosure and replevin against the second clients, and by failing to properly

serve motions to vacate the judgments, Attorney Cotten violated SCR 20:1.3.[2]

¶ 14.  The referee also concluded that by failing to keep the first and second clients reasonably informed about the status of a matter, failing to comply with reasonable requests for information, and failing to respond to her clients' requests for information, Attorney Cotten violated SCR 20:1.4(a).[3]

¶ 15.  The referee further concluded that by failing, upon termination of representation, to take steps to the extent reasonably practicable to protect the interests of the first and third clients, including giving reasonable notice to the client, surrendering papers and property to which the client is entitled and refunding any advance payment of fees that had not been earned, Attorney Cotten violated SCR 20:1.16(d).[4] The referee also concluded that by reassuring the second clients that everything had been taken care of in their foreclosure/replevin lawsuit when, in fact, she had failed to properly serve plaintiff's counsel

[2] SCR 20:1.3 provides:

Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4(a) provides:

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 20:1.16(d) provides:

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

with motions to vacate judgments against her clients, Attorney Cotten engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation SCR 20:8.4(c).[5]

¶ 16.  The referee also concluded that by failing to respond to letters from staff and failing to respond to the DIC's request for documents, Attorney Cotten violated SCR 21.03(4)[6] and SCR 22.07(2) and (3).[7]

¶ 17.  The referee concluded that Attorney Cotten was in default in the disciplinary proceeding as a result of her failure to provide an answer within 20 days from

---

[5] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[6] Former SCR 21:03(4) provided:

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7] Former SCR 22.07(2) and (3) provided:

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3)  The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

the date of service of the complaint, pursuant to SCR 22.12(2).[8]

¶ 18. We adopt the findings of fact and conclusions of law set forth in the referee's amended report and recommendation. Attorney Cotten's misconduct with respect to her handling of the three client matters and her failure to cooperate with the Board's investigation are serious failings warranting a suspension of her license. A six-month suspension of her license to practice law is appropriate discipline for her professional misconduct.

¶ 19. IT IS ORDERED that the license of Susan M. Cotten to practice law in Wisconsin is suspended for a period of six months, effective May 8, 2001.

¶ 20. IT IS FURTHER ORDERED that Susan M. Cotten comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 21. IT IS FURTHER ORDERED that Susan M. Cotten refund, within 60 days of the date of this order, with interest at 5%, the $600 retainer paid by the second clients for her representation in a foreclosure/replevin matter and the $500 retainer paid by the third clients for her work in the execution of their wills. If these refunds are not made within the specified time, the license of Susan M. Cotten to prac-

---

[8] Former SCR 22.12(2) provided:

(2) A respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in misconduct determined on the basis of a no contest plea.

tice law in Wisconsin shall remain suspended until further order of the court.

¶ 22.   IT IS FURTHER ORDERED that within 60 days of the date of this order Susan M. Cotten pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Susan M. Cotten to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 23.   SHIRLEY S. ABRAHAMSON, C.J., did not participate.