IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Susan M. COTTEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Susan M. COTTEN, Respondent.

Supreme Court

*No. 02–0496–D. Decided September 11, 2002.*

2002 WI 112

(Also reported in 650 N.W.2d 551.)

1

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney Susan M. Cotten's license to practice law in Wisconsin be suspended for one year for professional misconduct. That misconduct consists of failing to employ the requisite legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation of a client; failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; failing to withdraw from representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; and failing to cooperate with the Office of Lawyer Regulation's (OLR) grievance investigators. The referee also recommended that Attorney Cotten be required to pay restitution to the client and that she pay the costs of the proceeding.

¶ 2. We determine that the seriousness of Attorney Cotten's professional misconduct warrants a suspension of her license to practice law for one year.

¶ 3. Attorney Cotten was admitted to practice law in Wisconsin in 1995 and practiced in Madison. On June 5, 2000, her license to practice law in Wisconsin was suspended for noncompliance with Continuing Legal Education (CLE) requirements. On April 4, 2001, this court suspended her license for six months, effective May 8, 2001, as discipline for professional misconduct consisting of failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed of the status of a matter, and failing to promptly comply with reasonable requests for information; failing to take steps to the extent reasonably practicable to protect the interests of a client; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and failing to cooperate with the investigation into her misconduct. *In re Disciplinary Proceedings Against Cotten,* 2001 WI 29, 242 Wis. 2d 117, 624 N.W.2d 360. On May 21, 2001, this court suspended Attorney Cotten's license after she failed to respond to an order to show cause relating to her willful failure to cooperate with the investigation of a grievance. She has not sought reinstatement from any of those suspensions.

¶ 4. The complaint filed by OLR alleged misconduct with respect two former clients. The first client hired Attorney Cotten in 1998 to file and prosecute a legal malpractice action against Attorney J.O. The client had hired Attorney J.O. in June 1989 to represent her in connection with a claim that she had filed with the State of Wisconsin in 1988, relating to her prior employment with the state. In October 1991 Attorney J.O. notified the state that he was withdrawing the

3

client's complaint and that he would instead be filing an action in state or federal court. No lawsuit was ever filed. In February 1993 Attorney J.O. wrote to the client that he had decided it was not in her best interest to prosecute the case. The client was subsequently informed by another attorney that the statute of limitations on her claim had expired prior to February 1993.

¶ 5. On October 2, 1998, Attorney Cotten filed a lawsuit against Attorney J.O. on the client's behalf in Dane County Circuit Court. Attorney Cotten actively prosecuted the lawsuit from October 1998 through the summer of 1999. Beginning in August of 1999 Attorney Cotten essentially stopped working on the case. She failed to respond to discovery requests sent by Attorney J.O.'s counsel and failed to attend several motion hearings regarding discovery brought by Attorney J.O.'s attorney between September and December 1999. During this time Attorney Cotten assured the client that the case was moving along smoothly and that the discovery requests were irrelevant and responses were not required.

¶ 6. During a hearing on November 30, 1999, Attorney Cotten informed the court that she was battling clinical depression and that she had been unable to function during the end of September and all of October 1999, including not being able to answer phone calls, open mail, or attend any court appearances. The court allowed her an opportunity to provide medical evidence that would justify her conduct, and the case was adjourned to December 21, 1999.

¶ 7. Attorney Cotten failed to submit any medical evidence or to appear at the December 21, 1999, hearing. The court granted Attorney J.O.'s dismissal motion based on Attorney Cotten's failure to appear and the lack of response to discovery requests. The court stated

it found Attorney Cotten's delays to be "egregious," in spite of her purported medical difficulties.

¶ 8. Attorney Cotten moved to reopen the case, saying she had missed the December 21, 1999, hearing due to car trouble. She also submitted a letter from her physician. During a hearing on January 10, 2000, Attorney Cotten admitted to the court that she had not informed the client that her case had been dismissed in December 1999. She also told the court that when she took the case she believed her depression was under control with medication and therapy. She said she subsequently underwent another depression in the fall of 1999 in which she became even more depressed. She said she and her physician were going to experiment with medications and that she was going to focus on finishing up her pending cases and not accept new ones.

¶ 9. During another hearing on January 20, 2000, with the client present, the circuit court vacated the dismissal order and awarded actual costs against the client. The court also instructed the client to find replacement counsel within 30 days of the hearing. The client did retain successor counsel but, according to the circuit court, the successor attorney also failed to effectively represent the client.

¶ 10. Attorney Cotten and the client's successor counsel both appeared at a hearing on April 6, 2000. Attorney Cotten brought with her several boxes of documents that she had been ordered to produce months earlier. Attorney J.O.'s counsel renewed his motion to dismiss the case for failure to respond to previous discovery requests, and the court granted the motion with prejudice. During the hearing Attorney J.O.'s counsel asserted that the answers to interrogatories prepared by Attorney Cotten were so incomplete that it represented a failure to prosecute the case.

¶ 11. The circuit court commented that Attorney Cotten's answers to the interrogatories were so unresponsive that they were "astonishing." The court concluded Attorney Cotten lacked experience and knowledge and understanding of the duty of plaintiff's counsel to respond to interrogatories. The court further concluded that Attorney Cotten's inability to prepare the answers to interrogatories went beyond mental illness and evinced a lack of understanding on her part as to what counsel is supposed to do when answers to interrogatories are overdue. The court stated that Attorney Cotten had provided ineffective assistance of counsel.

¶ 12. In granting Attorney J.O.'s motion to dismiss the circuit court recognized that Attorney Cotten was suffering from a mental illness that impacted her ability to represent her client. At the same time the court strongly chastised both Attorney Cotten and successor counsel for their egregious failure to respond to the written interrogatories or timely produce requested documents, for ineffective assistance of counsel throughout the proceedings, for failure to prosecute the case, and for failure to understand court orders. The court assessed costs against the client and entered a judgment against her. The costs were subsequently waived by Attorney J.O.

¶ 13. In May and June 2000 the client sent letters to Attorney Cotten attempting to arrange to retrieve her file, which included several audiotapes. Attorney Cotten delivered documents to the client on May 16, 2000, but did not return the tapes. The client made numerous calls to Attorney Cotten from July through December 2000 attempting to get the tapes.

¶ 14. In October of 2000 the client filed a grievance against Attorney Cotten. On December 14, 2000,

an OLR staff investigator sent a copy of the grievance by first-class mail to Attorney Cotten at the address where she had maintained a law office in her home prior to the June 2000 CLE suspension. The letter informed Attorney Cotten that she was required to provide a written response on or before January 8, 2001, and informed her of her duty to cooperate with OLR's investigation. No response was received.

¶ 15. On January 10, 2001, the OLR investigator sent a follow-up letter to Attorney Cotten by certified mail, reminding her of her duty to cooperate and the possible consequences of not cooperating. The letter was returned to OLR's office marked "unclaimed-return to sender." On February 19, 2001, Attorney Cotten's husband was personally served at their residence with a letter to Attorney Cotten from OLR dated February 15, 2001, and with copies of the grievance and the letters that OLR had previously sent her. Attorney Cotten telephoned the staff investigator to request a meeting involving Attorney Cotten, her therapist and OLR staff. After discussing the request with an OLR supervisor the staff investigator left a message in Attorney Cotten's voicemail informing her of OLR's opinion that a face-to-face meeting might not be the best way to further the investigation and asking her to call to discuss the matter further. Attorney Cotten failed to reply.

¶ 16. On March 7, 2001, OLR staff sent a letter to Attorney Cotten by certified and first-class mail describing OLR's previous correspondence and telephone conversations, stating that the letter constituted OLR's final request that she provide a written response to the grievance, and asking her to respond within seven days. Attorney Cotten failed to respond in any way to the letter. The letter that was sent by certified mail was

returned to OLR marked "unclaimed-return to sender." The letter sent by first-class mail was not returned.

¶ 17. In late March 2001 OLR filed a motion with this court seeking the temporary suspension of Attorney Cotten's license for willful failure to cooperate with the investigation of the grievance. On April 4, 2001, this court entered an order requiring Attorney Cotten to show cause why OLR's motion should not be granted. Attorney Cotten filed no response. On May 21, 2001, this court entered an order temporarily suspending Attorney Cotten's license.

¶ 18. The OLR's investigative file relating to the grievance was referred to an OLR local district committee. Attorney Cotten initially responded to the committee investigator's phone message, scheduled and kept an appointment, and answered questions. She also agreed to provide medical records from her treating physician and/or psychologist supporting her claim that she was severely depressed during the period complained of in the grievance. She never provided that information.

¶ 19. On July 26, 2001, the committee investigator sent a certified letter to Attorney Cotten at her residence and memorialized the understanding that Attorney Cotten was to have provided various information by June 27, 2001. The committee investigator asked Attorney Cotten to submit the requested information no later than August 3, 2001. Attorney Cotten never replied. On August 12, 2001, the committee investigator's certified letter was returned, marked "unclaimed-return to sender."

¶ 20. The OLR's complaint also alleged that Attorney Cotten engaged in misconduct with respect to a case in which she undertook to represent a second client regarding a property issue relating to the estate

of the client's deceased aunt. As noted earlier in this opinion Attorney Cotten's license to practice law was administratively suspended effective June 5, 2000, as a result of her noncompliance with mandatory CLE requirements. On June 13, 2000, Attorney Cotten undertook the representation of the second client. The fee agreement provided that the client would pay a $1150 retainer plus a case opening fee of $50. The client's checks in those amounts cleared the client's checking account.

¶ 21. The second client did not hear from Attorney Cotten after June 2000. At the client's request a Missouri attorney wrote to Attorney Cotten in January 2001 requesting that she either provide the client with a report on the status of the case or refund the retainer. Attorney Cotten never responded to the letter nor did she respond to letters from OLR intake staff sent to her after the client filed a grievance.

¶ 22. The OLR filed a complaint against Attorney Cotten on February 20, 2002. William Eich was appointed as referee. Attorney Cotten did not file an answer. The OLR moved for default judgment, and a hearing was held on April 15, 2002. Counsel for OLR and Attorney Cotten appeared at the hearing and informed the referee they expected to reach a stipulated settlement of the matter within a few weeks. The hearing was adjourned indefinitely. Attorney Cotten and OLR entered into a stipulation, pursuant to SCR 22.12(1),[1] on May 3, 2002. The stipulation stated that it

---

[1] SCR 22.12(1) provides: "(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee."

was filed with the request that Referee Eich approve it and file a report and recommendation consistent therewith.

¶ 23. With respect to Attorney Cotten's representation of the first client, the referee concluded that by preparing answers to interrogatories that were so unresponsive that the presiding court stated the answers were "astonishing," Attorney Cotten failed to employ the requisite legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation, in violation of SCR 20:1.1.[2]

¶ 24. The referee also concluded that by discontinuing work on the first client's lawsuit, including failing to respond to discovery requests, which resulted in the court's dismissal of the client's lawsuit, Attorney Cotten failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[3] The referee further concluded that by failing to inform the first client of the events that had occurred in the case, including failing to tell her that the client had missed deadlines and that the client's case had been dismissed, Attorney Cotten failed to keep her client reasonably informed about the status of a matter, in violation of SCR 20:1.4(a).[4]

---

All subsequent references will be to the current version of the supreme court rules unless otherwise noted.

[2] SCR 20:1.1 provides: "Competence. A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

¶ 25. The referee also found that by failing to withdraw from representing the first client when Attorney Cotten suffered from depression that purportedly rendered her unable to answer phone calls, open mail or make court appearances, Attorney Cotten violated SCR 20:1.16(a)(2),[5] which requires a lawyer to withdraw from the representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client. The referee found that by failing or refusing to return several audiotapes belonging to the first client after the lawsuit had been dismissed, Attorney Cotten violated SCR 20:1.16(d),[6] which requires a lawyer, upon termination of representation, to surrender property to which the client is entitled.

¶ 26. The referee further concluded that by telling the first client the case was proceeding smoothly when, in fact, Attorney Cotten was missing deadlines, failing to respond to the court, and the case had been dismissed, Attorney Cotten engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in

---

[5] SCR 20:1.16(a)(2) provides:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

[6] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

violation of SCR 20:8.4(c).[7] The referee further found that by failing to ever provide a written response to the grievance and by failing to provide additional information requested by the district committee investigator, Attorney Cotten violated SCR 21.15(4),[8] SCR 22.001(9)(b),[9] SCR 22.03(2),[10] and 22.03(6).[11] The referee also concluded that by failing to respond to OLR

---

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[8] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[9] SCR 22.001(9)(b) provides:

(9) "Misconduct" means any of the following:

(b) Failure to cooperate in the investigation of a grievance.

[10] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[11] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and

staff's September 7, 1999, letter requesting a written response to the grievance within 20 days of her receipt of the letter, Attorney Cotten violated former SCR 22.07(2).[12]

¶ 27. The referee also found that by accepting a retainer and filing fee and undertaking to represent the second client while her license was suspended for failing to comply with mandatory CLE requirements, Attorney Cotten violated SCR 31.10(1).[13] The referee also concluded that by failing to respond to the second client or her Missouri attorney, and by failing to return

---

the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[12] Former SCR 22.07(2) provided:

> (2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[13] SCR 31.10(1) provides:

> (1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

the retainer of $1150 as requested by the Missouri attorney on the client's behalf, and by failing to return the $50 case opening fee, Attorney Cotten violated SCR 20:1.16(d). The referee also concluded that by failing to respond to a grievance investigative request by OLR staff concerning the second client, Attorney Cotten violated SCR 21:15(4), SCR 22.001(9)(b), SCR 22.03(2), and SCR 22.03(6).

¶ 28. The referee recommended that Attorney Cotten's license to practice law in Wisconsin be suspended for one year, that she be ordered to make restitution to the second client in the amount of $1200, and that she be ordered to pay the costs of the proceedings.

¶ 29. We adopt the findings of fact and conclusions of law as set forth in the referee's report and recommendation. Attorney Cotten's misconduct with respect to her handling of the two client matters and her failure to cooperate with the OLR's investigation are serious failings warranting a suspension of her license. A one-year suspension of her license to practice law is appropriate discipline for her professional misconduct.

¶ 30. IT IS ORDERED that the license of Attorney Susan M. Cotten to practice law in Wisconsin remains suspended for a period of one additional year, effective the date of this order.

¶ 31. IT IS FURTHER ORDERED that Attorney Susan M. Cotten comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 32. IT IS FURTHER ORDERED that Attorney Susan M. Cotten refund, within 60 days of the date of this order, $1200 paid by the second client for her representation in a probate matter. If this refund is not

made within the specified time, the license of Attorney Susan M. Cotten to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 33. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Susan M. Cotten pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Attorney Susan M. Cotten to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 34. IT IS FURTHER ORDERED that restitution to the second client is to be paid prior to paying costs to the Office of Lawyer Regulation.

¶ 35. SHIRLEY S. ABRAHAMSON, C.J., did not participate.