In the Matter of Disciplinary Proceedings Against
Scott E. Hansen, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Scott E. Hansen, Respondent.

Supreme Court

*No. 2008AP804–D. Decided June 18, 2009.*

2009 WI 56

(Also reported in 768 N.W.2d 1.)

¶ 1. PER CURIAM. We review a report and recommendation filed by Referee John Murphy recommend-

ing the court suspend Attorney Scott E. Hansen's license to practice law for a period of six months consecutive to his present suspension for failure to pay Wisconsin bar dues, together with the imposition of restitution, costs, and certain conditions on reinstatement. No appeal was filed so this matter is considered pursuant to SCR 22.17(2).[1]

¶ 2. We accept the referee's findings of fact and conclusions of law. We agree that the recommended restitution is appropriate, together with imposition of costs and certain conditions on reinstatement. However, we have concluded that a suspension of six months is inadequate to address the seriousness and scope of Attorney Hansen's misconduct. His license will be suspended for a period of nine months.

¶ 3. Attorney Hansen was licensed to practice law in Wisconsin in 1983. In 1995 he received a private reprimand for misconduct consisting of failing to perform any work on 58 collection matters for a period of six months, failing to respond to a client's telephone and written inquiries regarding collection matters, failing to render a full accounting of funds provided to him by a client, and failing to return a client's documents and the unearned portion of the advance on fees upon termination of the representation. Private Reprimand of Scott E. Hansen, 1995–32. In October 2007 Attorney Hansen's license was suspended for nonpayment of bar dues. His license remains suspended.

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 4. On April 1, 2008, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Hansen alleging 28 counts of misconduct involving four different client matters. Attorney Hansen claims a depression disorder contributed to his misconduct. The factual allegations contained in the complaint were resolved when the referee granted the OLR's motion for a default judgment, resulting in a finding of misconduct on all counts alleged in the OLR complaint. The parties then briefed the question of the appropriate sanction for the misconduct.

¶ 5. The OLR complaint alleged and the referee found that in May 2006 R.V. retained Attorney Hansen to represent him regarding an anticipated criminal summons. R.V. paid an advance fee of $1,000. In November 2006, after R.V. received the summons, he tried to contact Attorney Hansen regarding his initial appearance set for December 28, 2006. After a number of unsuccessful attempts to make contact with Attorney Hansen, R.V. reached him the second week in December. Attorney Hansen agreed to make an appearance on December 28, 2006. However, Attorney Hansen failed to appear for the hearing. The court rescheduled the initial appearance to February 1, 2007, and ordered R.V. to obtain new counsel. R.V. had no further contact with Attorney Hansen. R.V. filed a grievance with the OLR noting that he had to withdraw money from his IRA in order to hire a new lawyer.

¶ 6. Attorney Hansen then failed to respond to OLR's requests for information regarding this matter. Neither the fee nor the promised interest was ever returned. R.V. was eventually reimbursed by the Wisconsin Lawyers' Fund for Client Protection in the amount of $1,000.

6

¶ 7. The OLR's complaint alleged and the referee found that Attorney Hansen committed six counts of misconduct in this matter:

> Count One: By failing to take any action on behalf of [R.V.], or otherwise advancing [R.V.]'s interests, including failing to appear at an initial appearance in a criminal matter, Attorney Hansen violated SCR 20:1.3.[2]

> Count Two: By failing to respond to [R.V.]'s telephone calls following [R.V.]'s receipt of a criminal summons, and, in addition, by failing to respond to [R.V.]'s requests for information following Attorney Hansen's failure to appear at a court hearing, Attorney Hansen violated former SCR 20:1.4(a).[3]

> Count Three: By accepting and keeping a $1,000 fee for representation that he did not complete, Attorney Hansen violated former SCR 20:1.5(a).[4]

---

[2] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.4(a) (effective through June 30, 2007) provided as follows: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] Former SCR 20:1.5(a) (effective through June 30, 2007), provided: Fees.

> A lawyer's fees shall be reasonable. The factors to be considered in determining the reasonableness of a fee include:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;

7

Count Four: By failing to withdraw from his representation of [R.V.] when a medical condition impaired his ability to represent [R.V.], Attorney Hansen violated SCR 20:1.16(a)(2).[5]

Count Five: By failing to refund any portion of the funds advanced to him for representing [R.V.] in the criminal matter, Attorney Hansen violated former SCR 20:1.16(d).[6]

Count Six: By failing to provide relevant information to OLR in a timely fashion, and in failing to answer questions fully in response to OLR's investigation until ordered to do so by the Supreme Court, and, in addition, in misrepresenting that within a few days of July 23, 2007, he would refund [R.V.]'s advance payment of

---

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[5] SCR 20:1.16(a)(2) provides as follows: "[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . . (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; . . . ."

[6] Former SCR 20:1.16(d) (effective through June 30, 2007) stated:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

8

fees, Attorney Hansen violated SCR 21.15(4),[7] SCR 22.03(2),[8] and SCR 22.03(6),[9] which are enforceable through SCR 20:8.4(f).[10]

■

¶ 8. The OLR complaint also alleged and the referee found that in January 2006 W.G. was convicted and incarcerated for felony crimes against a child. W.G.'s stepfather hired Attorney Hansen to represent

---

[7] SCR 21.15(4) states:

> Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[8] SCR 22.03(2) provides as follows:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 22.03(6) states:

> In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[10] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

9

W.G. on appeal and paid Attorney Hansen an advance fee of $5,000. In March 2006 Attorney Hansen met with W.G. in prison. Following the meeting, Attorney Hansen failed to file an entry of appearance, failed to secure a requested transcript, and failed to file any motion on behalf of W.G. Multiple attempts by W.G. and his stepfather to contact Attorney Hansen were unsuccessful. After the prison visit Attorney Hansen had no further contact with either W.G. or his stepfather. The $5,000 has never been returned.

¶ 9. W.G. and his stepfather filed grievances with the OLR in February 2007. Attorney Hansen failed to respond to the OLR's requests for information regarding these matters. Eventually, he stated that he had "failed to take the appropriate actions to protect [W.G.]'s interests in this appeal, or to return the fee paid to me." He cited "health problems" as the reason for not properly representing W.G. The OLR complaint alleged and the referee found that Attorney Hansen committed seven counts of misconduct in this matter:

> Count Seven: By failing to take any action on behalf of [W.G.], or otherwise advance [W.G.]'s interests in any meaningful manner, including failing to enter an appearance in a criminal matter, secure transcripts, or otherwise ensure that post-conviction remedies were protected, Attorney Hansen violated SCR 20:1.3.

> Count Eight: By failing to inform [W.G. and his stepfather] in any manner regarding Attorney Hansen's representation of W.G., and by failing to respond to [their] multiple telephone calls seeking the status of Attorney Hansen's post-conviction efforts, Attorney Hansen violated former SCR 20:1.4(a).

> Count Nine: By failing to provide any meaningful information to [W.G.] regarding the post-conviction appeal process, thereby enabling [W.G.] to make in-

formed decisions regarding Attorney Hansen's representation, including the need to meet certain deadlines to secure the right to appeal his conviction, Attorney Hansen violated SCR 20:1.4(b).[11]

Count Ten: By accepting a $5,000 fee for representation that he did not complete, Attorney Hansen violated former SCR 20:1.5(a).

Count Eleven: By failing to withdraw from his representation of [W.G.] when a medical condition impaired his ability to represent [W.G.], Attorney Hansen violated SCR 20:1.16(a)(2).

Count Twelve: By failing to refund any portion of the funds advanced to him for representing [W.G.] in the criminal matter, Attorney Hansen violated former SCR 20:1.16(d).

Count Thirteen: By failing to provide relevant information to OLR in a timely fashion, and in failing to answer questions fully in response to OLR's investigation until ordered to do so by the Supreme Court, Attorney Hansen violated SCR 21.15(4), SCR 22.03(2), and SCR 22.03(6), which are enforceable through SCR 20:8.4(f).

██

¶ 10. The OLR complaint alleged and the referee found that in November 1990 R.P. was convicted of a number of serious felonies, including first-degree intentional homicide. He was sentenced to prison. R.P. filed a number of unsuccessful pro se motions and appeals of his convictions. In August 2005 R.P.'s wife, Robin P., retained Hansen to represent R.P. A fee of $2,500 was paid to Attorney Hansen.

¶ 11. R.P. asked Attorney Hansen to order a transcript from a March 2005 motion hearing. Attorney

[11] SCR 20:1.4(b) provides, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Hansen did not order the transcript. Attorney Hansen entered his notice of retainer with the court of appeals on October 14, 2005, and successfully obtained a briefing extension. However, he did not ever file the brief or appendix. He then failed to comply with the court of appeals' order to file a brief and missed a subsequent filing deadline imposed by the court of appeals. On January 12, 2006, one of R.P's two appeals was dismissed. On the second appeal, Attorney Hansen filed a statement on transcript but then failed to file the brief and appendix despite several extensions. Eventually, in August 2006, R.P. asked the court of appeals to discharge Attorney Hansen as his attorney and to allow R.P. to proceed pro se. By order dated September 26, 2006, the court discharged Attorney Hansen and ordered him to return R.P's papers, property, and any fee advance not yet earned by Attorney Hansen. Attorney Hansen eventually returned the files, although R.P. disputes whether all materials provided to Attorney Hansen were returned. Attorney Hansen did not return any portion of the advance fee.

¶ 12. Attorney Hansen then failed to respond to OLR's requests for information regarding his representation of R.P. Finally, on June 26, 2007, Attorney Hansen sent a fax to this court indicating that a "medical condition" prevented him from responding to the OLR requests. Attorney Hansen filed his response to R.P's complaints on September 24, 2007. By this time, the $2,500 had been returned to R.P. by payment from the Wisconsin Lawyers' Fund for Client Protection.

¶ 13. The OLR complaint alleged and the referee found that Attorney Hansen committed 10 counts of misconduct in connection with this matter:

Count Fourteen: By failing to order a transcript as requested by [R.P.] and by failing to properly and timely file Statements on Transcripts, briefs and appendices, and otherwise to comply with the order of the Court of Appeals, Attorney Hansen violated SCR 20:1.3.

Count Fifteen: By failing to keep in contact with his client, [R.P.], and by failing to advise [R.P.] of the multiple orders of the Court of Appeals involving [R.P.]'s appeals and by failing to advise his client of his multiple failures to comply with the orders of the Court of Appeals, Attorney Hansen violated former SCR 20:1.4(a).

Count Sixteen: By failing to advise [R.P.] of his medical condition insofar as that condition interfered with his ability to properly represent [R.P.]'s legal interests, Attorney Hansen violated SCR 20:1.4(b).

Count Seventeen: By accepting and retaining a $2,500 fee for a representation that he did not complete, Attorney Hansen violated former SCR 20:1.5(a).

Count Eighteen: By depositing the $2,500 advance fee into his business account and not into his trust account, Attorney Hansen violated former SCR 20:1.15(b)(4).[12]

Count Nineteen: By failing to withdraw from his representation when a medical condition impaired his ability to represent [R.P.], Attorney Hansen violated former SCR 20:1.16(a)(2).

Count Twenty: By failing to promptly surrender all papers and property to which [R.P.] was entitled, Attorney Hansen violated former SCR 20:1.16(d).

---

[12] Former SCR 20:1.15(b)(4) (effective July 1, 2004, through June 30, 2007) provided as follows:

Unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.15(g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

Count Twenty-One: By failing to refund any portion of the funds advanced to him for representing [R.P.] in appellate matters, Attorney Hansen violated former SCR 20:1.16(d).

Count Twenty-Two: By providing false information to the Court of Appeals regarding the filing of a brief and appendix by May 30, 2006, and by providing false information to the Court of Appeals regarding compliance with Court orders regarding the return of [R.P.]'s files and fee, Attorney Hansen violated former SCR 20:3.3(a)(1).[13]

Count Twenty-Three: By stating in an e-mail to Robin P. on November 1, 2006, that Attorney Hansen would forward work product to [R.P.] with a copy of a brief when, in fact, no work product or brief existed, Attorney Hansen violated SCR 20:8.4(c).[14]

Count Twenty-Four: By failing on multiple occasions to provide relevant information to the OLR in a timely fashion and in failing to answer questions fully in response to OLR's investigation until ordered to do so by the Supreme Court, Attorney Hansen violated SCR 21.15(4), SCR 22.03(2), and SCR 22.03(6), which are enforceable through SCR 20:8.4(f).

██

¶ 14. The OLR complaint alleged and the referee found that on June 6, 2006, Attorney Hansen entered an appearance on behalf of C.E. in a criminal traffic matter. The initial appearance was handled by the filing of a written plea of not guilty. Attorney Hansen ap-

---

[13] Former SCR 20:3.3(a)(1) (effective through June 30, 2007) stated a lawyer shall not knowingly "make a false statement of fact or law to a tribunal; . . . ."

[14] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

peared on behalf of C.E. at the pretrial conference and appeared for a no-contest plea on September 25, 2006. The matter was set for sentencing on November 17, 2006. Attorney Hansen failed to appear at the sentencing hearing. The matter was reset for January 25, 2007. Attorney Hansen again failed to appear. Attorney Hansen failed to advise either the court or his client that he would not be appearing at these hearings. C.E. requested a new attorney.

¶ 15. Attorney Hansen then failed to respond in a timely fashion to OLR inquiries. He requested an extension of time to respond and did not respond until September 24, 2007, following an order from this court.

¶ 16. The OLR alleged and the referee found that Attorney Hansen engaged in four counts of misconduct with respect to this matter:

> Count Twenty-Five: By failing to complete his representation of [C.E.], or otherwise advance [C.E.]'s interests in any meaningful manner, including failing to appear before the court in two matters, Attorney Hansen violated SCR 20:1.3.
>
> Count Twenty-Six: By failing to communicate with [C.E.] regarding Attorney Hansen's representation of [C.E.], Attorney Hansen violated former SCR 20:1.4(a).
>
> Count Twenty-Seven: By failing to withdraw from his representation of [C.E.] when a medical condition impaired his ability to represent [C.E.], Attorney Hansen violated SCR 20:1.16(a)(2).
>
> Count Twenty-Eight: By failing to provide relevant information to OLR in a timely fashion and in failing to answer questions fully in response to an OLR request until ordered to do so by the Supreme Court, Attorney Hansen violated SCR 21.15(4), SCR 22.03(2), and SCR 22.03(6), which are enforceable through SCR 20:8.4(f).

¶ 17. As noted, the referee considered the appropriate sanction for Attorney Hansen's misconduct. The OLR filed a detailed brief in proceedings before the referee on August 15, 2008. The OLR indicated it considered Attorney Hansen's depression a mitigating factor, but noted that there was insufficient medical evidence submitted in this proceeding to substantiate the scope of his condition. The OLR observed that progressive discipline was warranted because of Attorney Hansen's disciplinary history. It noted that sanctions in other cases ranged from revocation to a six-month suspension for comparable misconduct. The OLR noted further that Attorney Hansen's failure to return unearned fees and his failure to cooperate with the OLR were aggravating factors not easily attributable to depression. The OLR eventually recommended a one-year suspension of Attorney Hansen's license, citing several cases in support of this recommendation. The OLR specifically cited three cases involving lawyers with health or depression issues. *See In re Disciplinary Proceedings Against Cavendish-Sosinski,* 2004 WI 30, 270 Wis. 2d 200, 676 N.W.2d 887; *In re Disciplinary Proceedings Against Shindell,* 2002 WI 133, 258 Wis. 2d 63, 654 N.W.2d 844; *In re Disciplinary Proceedings Against Cotten,* 2002 WI 112, 256 Wis. 2d 1, 650 N.W.2d 551.

¶ 18. The OLR explicitly asserted that a six-month suspension seemed "inadequate" "given the multiplicity of counts, the vulnerability of [Attorney] Hansen's clients and the need to protect the public from attorneys incapable of providing competent and diligent legal representation." The OLR noted further that "aggravating factors outweigh mitigating factors" in this case.

¶ 19. In his report, the referee acknowledged that there was no independent corroboration for Attorney Hansen's claim that he has suffered from depression

since 1994. Attorney Hansen did file a letter from a nurse that states that he has had a "major depressive disorder" for the past "several years."

¶ 20. Moreover, the referee stated that he failed to "see how [Attorney Hansen]'s disorder can explain Attorney Hansen's attempts to deceive not only his clients but also the Court of Appeals and the Office of Lawyer Regulation. Nor can I see how this disorder would prevent Attorney Hansen from returning fees which he agrees were unearned and which he promised to return."

¶ 21. The referee then recommended a six-month suspension of Attorney Hansen's license describing his depression as "a partial mitigating factor." The referee also recommended this court order Attorney Hansen to make restitution to the Wisconsin Lawyers' Fund for Client Protection in the amount of $1,000 for the R.V. matter, $2,500 in the R.P. matter, as well as restitution in the amount of $5,000 to M.H. and W.G., and $1,500 to client C.E. The referee agreed with the OLR's assertion that a professional competence assessment should be a "critical prerequisite" to reinstatement. The referee rejected Attorney Hansen's request to select his own consultant to submit this assessment, but agreed that Attorney Hansen should be able to submit an "alternative report" at his own expense. Finally, the referee rejected Attorney Hansen's request that the fees and costs of this proceeding be waived. As of October 22, 2008, the costs of this proceeding total $2,412.53.

¶ 22. We have carefully considered the record in this matter together with the referee's report and recommendation. The referee's report is thorough, but this court remained concerned that a six-month suspension is inadequate to address the extensive misconduct committed in these matters.

¶ 23. Accordingly, on December 22, 2008, this court issued an order directing the parties to explain why a one-year suspension was not more appropriate discipline in this matter.

¶ 24. The OLR submitted a written response reiterating its opinion that a one-year suspension is more appropriate on these facts. Attorney Hansen filed a pro se written response asking this court to defer to the referee's recommendation. He asserts that it is significant that the referee, who had the opportunity to observe the respondent's acceptance of responsibility and sincerity, recommended a shorter suspension. He reminds the court that the OLR did not appeal this recommendation and he provides examples of cases in which the court imposed less stringent sanctions for comparable conduct. *See, In re Disciplinary Proceedings Against Guenther,* 2005 WI 133, 285 Wis. 2d 587, 700 N.W.2d 260 (nine-month suspension), and *In re Disciplinary Proceedings Against Jones,* 2008 WI 53, 309 Wis. 2d 585, 749 N.W.2d 603 (four-month suspension). He also provided the court with a personal statement regarding the proposed discipline in which he expressed sincere remorse for his misconduct and its effect upon his clients.

¶ 25. After having independently reviewed the record we adopt the referee's findings of fact. We also agree with the referee that those factual findings demonstrate that Attorney Hansen committed each of the 28 counts of professional misconduct alleged in the complaint. With respect to the discipline to be imposed, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI

34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful consideration of the report and recommendation, the record in this matter, and the written statements of the parties, we accept the referee's recommendation regarding restitution, costs, and conditions on reinstatement. However, while we recognize that depression apparently played a role in Attorney Hansen's misconduct, we conclude that a six-month suspension is inadequate in light of the pervasive misconduct that affected four clients. We have determined that a nine-month suspension is necessary to address Attorney Hansen's misconduct in this matter.

¶ 26. IT IS ORDERED that the license of Scott E. Hansen to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶ 27. IT IS FURTHER ORDERED that within 60 days of the date of this order Scott E. Hansen shall make restitution to the State Bar of Wisconsin Lawyers' Fund for Client Protection in the amount of $1,000 for the R.V. matter and in the amount of $2,500 for the R.P. matter, and he shall further make restitution of $5,000 to M.H. and W.G. and $1,500 to C.E. If the restitution is not paid within the time specified and absent a showing to this court of his inability to pay restitution within that time, the license of Scott E. Hansen to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 28. IT IS FURTHER ORDERED that Scott E. Hansen shall undergo a medical evaluation by a medical professional selected by the Office of Lawyer Regulation and a copy of that evaluation shall be provided to the Office of Lawyer Regulation as a condition for reinstatement, with the understanding that Scott E. Hansen may also submit an evaluation performed by a medical professional of his choice. If this condition is

not met, the license of Scott E. Hansen to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order, Scott E. Hansen shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Scott E. Hansen to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 30. IT IS FURTHER ORDERED that the restitution to the State Bar of Wisconsin Lawyers' Fund for Client Protection and the restitution to M.H. and W.G. and to C.E. are to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 31. IT IS FURTHER ORDERED that if he has not already done so, Scott E. Hansen shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.