COURT OF APPEALS
DECISION
DATED AND FILED

May 18, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP267**

Cir. Ct. No. 2021TP5

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN THE INTEREST OF S.M.C., A PERSON UNDER THE AGE OF 18:

SHEBOYGAN COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

A.L.A., SR.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Sheboygan County: KENT R. HOFFMANN, Judge. *Affirmed*.

¶1      GUNDRUM, P.J.[1]  A.L.A., Sr. appeals from an order of the circuit court granting partial summary judgment to the Sheboygan County Department of Health and Human Services (County), which order concluded there were grounds for termination of A.L.A., Sr.'s parental rights to his daughter, S.M.C., on the basis of abandonment under WIS. STAT. § 48.415(1)(a)2.  For the following reasons, we affirm.

¶2      The issue before us is whether the circuit court properly granted summary judgment in the fact-finding phase of this case when it concluded that A.L.A., Sr. abandoned S.M.C. by virtue of failing to visit or communicate with her between June 1, 2019 and October 4, 2019, and not having good cause for failing to do so.  A.L.A., Sr. insists the circuit court erred because genuine issues of material fact exist as to whether he abandoned S.M.C.  Specifically, he asserts that even if there is no genuine issue of material fact as to whether he failed to visit or communicate with S.M.C. during the period in question, a finding of abandonment cannot be made because such an issue of fact exists as to whether he had good cause for these failures.  He claims a reasonable jury could find that the foster parents' "failure" to answer the phone when he attempted to call from jail "constitute[s] good cause for not communicating with … S.M.C., or the foster parents themselves" during the relevant time period.  This does not carry the day for A.L.A., Sr.

¶3      Our review of a circuit court's decision on summary judgment is de novo.  ***Behrendt v. Gulf Underwriters Ins. Co.***, 2009 WI 71, ¶11, 318 Wis. 2d

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

622, 768 N.W.2d 568. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

¶4 There are two steps for proceedings to terminate parental rights. "The first step is the fact-finding hearing 'to determine whether grounds exist for the termination of parental rights.' 'During this step, the parent's rights are paramount,' … the burden is on the government, and the parent enjoys a full complement of procedural rights." *Sheboygan Cty. DHHS v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402 (citations omitted). At a fact-finding hearing on a petition to terminate a person's parental rights, the party seeking to terminate those rights must prove the allegations in the petition by clear and convincing evidence. WIS. STAT. § 48.31(1). The second step is the dispositional phase. *Julie A.B.*, 255 Wis. 2d 170, ¶28. During this step, the court determines whether the parent's rights should be terminated. *Id.* The best interests of the child is the prevailing factor considered by the circuit court in making this decision. WIS. STAT. § 48.426(2).

¶5 There are numerous statutory grounds for terminating parental rights. *See* WIS. STAT. § 48.415. The one at issue in this appeal is abandonment. One way the government can demonstrate abandonment is by showing by clear and convincing evidence that "the child has been placed, or continued in a placement, outside the parent's home by a court order ... and the parent has failed to visit or communicate with the child for a period of 3 months or longer." Sec. 48.415(1)(a)2.; WIS. STAT. § 48.31(1). Even if the government makes this showing, however, abandonment is nonetheless not established under § 48.415(1)(a)2. "if the parent proves *all* of the following by a preponderance of the evidence":

1. That the parent had good cause for having failed to visit with the child throughout the [applicable] time period....

2. That the parent had good cause for having failed to communicate with the child throughout the [applicable] time period....

3. If the parent proves good cause under subd. 2. … that one of the following occurred:

> a. The parent communicated about the child with the person or persons who had physical custody of the child during the [applicable] time period ... or ... with the agency responsible for the care of the child during the [applicable] time period....
>
> b. The parent had good cause for having failed to communicate about the child with the person or persons who had physical custody of the child or the agency responsible for the care of the child throughout the [applicable] time period….

Sec. 48.415(1)(c) (emphasis added).[2]  Because the parent bears the burden of proving all of these requirements, the failure to prove one of them means abandonment is established.

---

[2] WIS JI—CHILDREN 313 states in relevant part that

> [i]n determining if good cause existed … you may consider … whether [the parent] had a reasonable opportunity to visit or communicate with [the child] or communicate with [the person(s)] who had physical custody of [the child]; attempts to contact [the child]; whether [the] person(s) with physical custody of [the child] prevented or interfered with efforts by [the parent] to visit or communicate with [the child]; [and] any other factors beyond [the parent's] control which prevented or interfered with visitation or communication ….

¶6     In this case, the County's petition for termination of A.L.A., Sr.'s parental rights to S.M.C. alleged five separate time periods of "3 months or longer" from 2016 through 2019 during which A.L.A., Sr. demonstrated abandonment. This appeal, however, turns on whether the circuit court erred in granting summary judgment based on its determination that there is no genuine issue of material fact that the County demonstrated abandonment of S.M.C. by A.L.A., Sr. during the time period of June 1, 2019 through October 4, 2019. A.L.A., Sr. effectively conceded before the circuit court and before us that he neither visited nor communicated with S.M.C. during this time period.[3] He claims on appeal, however, that there is a genuine issue of material fact as to whether there was "good cause" for these failures. A.L.A., Sr. has failed to convince us that this is so. *See* **Gaethke v. Pozder**, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (noting that the appellant bears the burden of demonstrating that the circuit court erred).

¶7     It is undisputed that A.L.A., Sr. was in jail during the June 1 through October 4, 2019 time period. In affidavits considered for summary judgment, the foster mother and foster father, who had custody of S.M.C. during the relevant time period, averred that during this time period, "[A.L.A., Sr.] ha[d] not contacted [S.M.C.] through any method of communication, including but not limited to contact through letters, phone, text messages or social media accounts." The record further shows, and it is undisputed, that eight phone calls were placed

---

[3] A.L.A, Sr. did state in his affidavit that "[b]etween June 1, 2019 and October 4, 2019, [he] had phone calls with [S.M.C.] 1 time per month at the … [j]ail." In his appellate briefing, A.L.A., Sr. acknowledges that "[t]rial counsel … clarified" to the circuit court that he never actually spoke with S.M.C. but that he meant that he simply placed the calls to the foster parents' phone. The record before the circuit court confirms that counsel made this clarification.

to the foster mother's phone from the jail during this time period and that of those eight, six were identified as "[i]ncomplete" and the other two went to voicemail. A social worker assigned to the case averred that from June 1, 2019 through October 4, 2019, A.L.A., Sr. "ha[d] not contacted me through any method of communication to arrange to visit with [S.M.C.] or to attempt to communicate with her in any manner."

¶8    A.L.A., Sr. asserts in his appellate briefing that "[t]o the extent that the foster parents did not pick up the phone when he called the eight times … such information … creates a fact issue as to whether A.L.A. Sr. had good cause for not communicating with S.M.C., or the foster parents during that period." He claims that "[s]uch facts easily allow for the inference that such conduct by the foster parents precluded or interfered with his communication with S.M.C." He also writes that the foster parents would "not pick up" these calls. A.L.A., Sr.'s contentions fall flat as there is no evidence that the foster parents engaged in any "conduct" of concern; A.L.A., Sr. fails to point to any evidence in the record indicating that they were even aware of any of the eight phone calls made from the jail.

¶9    A.L.A., Sr. contends that he also attempted to communicate with S.M.C. by writing letters, pointing to his affidavit statement that he "wrote letters to the grand parents[/foster parents] … ask[ing] how [S.M.C.] is doing and ask them to tell [S.M.C.] I love her." We also note that he stated at different points in his affidavit that he "sent cards to [S.M.C.] on her birthday and at Christmas" and "wrote letters to Social Services expressing concern about [S.M.C.]."

¶10    WISCONSIN STAT. § 802.08(3) provides that a party responding to a summary judgment motion "must set forth specific facts showing that there is a

genuine issue for trial." A.L.A., Sr. has failed to do that. The County's petition set forth five different time periods during which it alleged A.L.A., Sr. had demonstrated abandonment of S.M.C. His averments noted above provide no specificity and one could only speculate that he "wrote letters" as indicated between the time period of June 1, 2019 and October 4, 2019. Furthermore, as the guardian ad litem points out in his brief on appeal, both Christmas and S.M.C.'s birthday, which is in March, are not even near the time period at issue. A.L.A., Sr. has failed to point to any evidence in the record that he wrote any letters or sent any cards to S.M.C. during the time period at issue or that he had good cause for failing to do so.

¶11    In sum, the circuit court did not err with its grant of partial summary judgment as the record fails to provide any evidence from which a jury could conclude that A.L.A., Sr. had good cause for failing to communicate with S.M.C. during the relevant time period.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.