In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David R. NOTT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

David R. NOTT, Respondent.

Supreme Court

*No. 02–2001–D. Decided March 18, 2003.*

2003 WI 17

(Also reported in 658 N.W.2d 438.)

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney David R. Nott's license to

practice law in Wisconsin be suspended for nine months for professional misconduct. His misconduct consists of neglecting client matters, refusing to return unearned fees, and failing to cooperate with the Office of Lawyer Regulation's (OLR) investigation into grievances filed by clients.

¶ 2. We determine that the seriousness of Attorney Nott's professional misconduct warrants a suspension of his license to practice law for nine months. We also find that Attorney Nott should make restitution to the Client Security Fund (CSF) and one client and that he be required to pay the costs of this proceeding.

¶ 3. Attorney Nott was admitted to practice law in Wisconsin in 1989 and practiced in Rock County. In 1999 Attorney Nott received a consensual private reprimand for misconduct consisting of failing to timely pursue a client's case and failing to inform the client of the result and dismissal of his case. On June 5, 2000, Attorney Nott's Wisconsin law license was suspended due to noncompliance with Continuing Legal Education (CLE) requirements. On August 27, 2001, this court temporarily suspended Attorney Nott's license for willful failure to cooperate with the OLR grievance investigations.

¶ 4. The complaint filed by the OLR on August 1, 2002, alleged misconduct with respect to three of Attorney Nott's former clients. The first client retained Attorney Nott to represent her in a Chapter 7 bankruptcy proceeding in October of 1999. Attorney Nott told the client he would not commence the bankruptcy until his $925 fee had been paid in full. The client made six payments totaling $925[1] by May 5, 2000, and

---

[1] The OLR's complaint and the referee's report state that the client paid Attorney Nott $975. Materials filed with the

5

believed Attorney Nott would then promptly start a bankruptcy proceeding on her behalf. In January of 2000 Attorney Nott sent the client a letter saying he was moving his law practice to Loves Park, Illinois, but would continue to represent her in the bankruptcy case. This was the last communication the client received from Attorney Nott and he never filed a bankruptcy action on her behalf.

¶ 5. Attorney Nott failed to notify the client of the June 5, 2000, administrative suspension of his law license. The client wrote Attorney Nott letters and left messages on his answering machine but received no response. The client filed a grievance against him in October 2000. The OLR sent Attorney Nott three letters asking for his written response to the client's grievance but he failed to respond.

¶ 6. The client applied for reimbursement of her bankruptcy retainer through the CSF. She was paid $575 by the CSF, which now has a claim against Attorney Nott in that amount. The client was unable to obtain reimbursement for the remaining $350 she paid Attorney Nott because she could not provide the CSF written receipts for those payments.

¶ 7. The second claim of misconduct alleged in the OLR's complaint involved Attorney Nott's representation of a client who retained Attorney Nott to file an action in a landlord/tenant case involving a security deposit that had not been returned to the client. On September 3, 1999, the second client paid Attorney Nott $474 to file the action. The client called Attorney Nott several times after paying the retainer inquiring as to the status of the case. Each time Attorney Nott

court by the OLR after the issuance of the referee's report indicate that the client paid Attorney Nott $925 rather than $975.

told the client he was waiting for a court date. Attorney Nott never filed an action on the client's behalf. After Attorney Nott failed to respond to the client's messages, she filed a grievance against him. The OLR sent Attorney Nott several letters asking for a written response to the grievance but he failed to respond. The client was reimbursed $474 from the CSF, which now has a claim against Attorney Nott in that amount.

¶ 8. The third claim of misconduct alleged in the OLR's complaint involved a client who paid Attorney Nott a $2500 fee in August of 1999 to investigate an age discrimination charge. Attorney Nott reportedly researched the case and came to the conclusion that the client did not have a viable cause of action, but he failed to fully advise the client of his assessment of the case and the reasons for that conclusion. After Attorney Nott failed to return the client's phone calls the client filed a grievance with the OLR.

¶ 9. Attorney Eugene A. Gasiorkiewicz was appointed referee. Attorney Nott failed to file an answer to the OLR's complaint and the OLR moved for default judgment. Attorney Nott did not file any materials in opposition to the motion for default judgment and the referee granted such judgment on October 30, 2002. The referee issued his report and recommendation on November 7, 2002.

¶ 10. The referee concluded that by failing to proceed with a bankruptcy action on behalf of the first client and by failing to file an action on behalf of the second client, Attorney Nott violated SCR 20:1.3.[2] The referee also concluded that by failing to notify the first and second clients of his June 5, 2000, CLE suspension

[2] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

and his inability to continue to represent them, Attorney Nott violated SCR 22.26(1)(a).[3] The referee also concluded that by failing to return fees to the first and second clients when he provided no services for those fees and could no longer represent the clients because his law license had been suspended, Attorney Nott violated SCR 20:1.16(d).[4]

¶ 11. The referee also found that by failing to respond to the OLR requests for written responses to the clients' grievances, Attorney Nott violated SCR 22.03(2).[5] The referee further found that by failing to

[3] SCR 22.26(1)(a) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[4] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond.

8

respond to numerous phone calls from the second client inquiring about the status of her case, by failing to keep the third client fully advised about the status of his investigation into the viability of the client's claim, and by failing to respond to inquiries from the third client, Attorney Nott violated SCR 20:1.4(a).[6] Finally, the referee concluded that by misrepresenting to the second client that he was waiting for a court date when in fact he had never filed a court action on the client's behalf, Attorney Nott violated SCR 20:8.4(c).[7]

¶ 12. The referee recommended that Attorney Nott's license to practice law in Wisconsin be suspended for nine months, that he be ordered to make restitution to the CSF in the amount of $1049, and that he be ordered to pay the costs of the proceeding.

¶ 13. On January 15, 2003, this court issued an order to show cause why Attorney Nott should not also be required to reimburse the first client for the monies she had paid to Attorney Nott for which she had not been reimbursed by the CSF. Attorney Nott did not respond to the order to show cause. The OLR filed a response saying it had contacted the first client and that she confirmed that Attorney Nott still owed her $350. The OLR said it believed it would be appropriate for Attorney Nott to be required to make restitution to

Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

the first client in the amount of $350, as well as making reimbursement to the Client Security Fund. We find that it is appropriate for Attorney Nott to make restitution of $350 to the first client.

¶ 14. We adopt the findings of fact and conclusions of law set forth in the referee's report and recommendation. Attorney Nott's misconduct with respect to his handling of the three client matters and his failure to cooperate with the OLR's investigation are serious failings warranting a suspension of his license. A nine-month suspension of his license to practice law is appropriate discipline for his professional misconduct.

¶ 15. IT IS ORDERED that the license of Attorney David R. Nott to practice law in Wisconsin remains suspended for a period of nine additional months, effective the date of this order.

¶ 16. IT IS FURTHER ORDERED that Attorney David R. Nott comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17. IT IS FURTHER ORDERED that Attorney David R. Nott refund, within 60 days of the date of this order, $350 paid by the first client for her representation in a bankruptcy matter and that he also make restitution to the CSF in the amount of $1049. If these refunds are not made within the specified time, the license of Attorney David R. Nott to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 18. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney David R. Nott pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of

10

Attorney David R. Nott to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 19. IT IS FURTHER ORDERED that the restitution to the first client and to the CSF is to be paid prior to paying costs to the Office of Lawyer Regulation.

11