# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP577-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ricardo Perez, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Ricardo Perez, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PEREZ

| | |
|---|---|
| OPINION FILED: | November 19, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2019AP577-D

STATE OF WISCONSIN          :          IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Ricardo Perez, Attorney at Law:

**Office of Lawyer Regulation,**

          **Complainant,**

     **v.**

**Ricardo Perez,**

          **Respondent.**

**FILED**

**NOV 19, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1    PER CURIAM.    We review Referee Kim M. Peterson's report and recommendation that the court declare Attorney Ricardo Perez in default and suspend his license to practice law in Wisconsin for a period of nine months for professional misconduct in connection with his representation of four clients.    The referee also recommended that Attorney Perez pay the full costs of this proceeding, which are $1,957.12 as of August 21, 2019.

¶2 Since no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2). After reviewing the matter, we agree with the referee that, based on Attorney Perez's failure to answer the Office of Lawyer Regulation's (OLR) complaint, the OLR is entitled to a default judgment. We also agree with the referee that a nine-month suspension of Attorney Perez's law license is an appropriate sanction for his professional misconduct. Finally, we agree that Attorney Perez should be required to pay the full costs of this proceeding.

¶3 Attorney Perez was admitted to practice law in Wisconsin in 2000 and practiced in Kenosha. On February 14, 2018, Attorney Perez's Wisconsin law license was suspended pursuant to SCR 22.03(4) due to his willful failure to cooperate in an OLR investigation. In October 2018, his law license was suspended for failure to pay state bar dues and failure to file a trust account certification. Attorney Perez's license was also administratively suspended on June 5, 2019, for failure to comply with continuing legal education reporting requirements. His license remains suspended.

¶4 The OLR filed a complaint against Attorney Perez on March 25, 2019. The first client matter detailed in the complaint involved Attorney Perez's representation of R.J., who hired Attorney Perez to represent her in a personal injury case stemming from her January 2015 fall at a drug store. The initial attorney-client meeting occurred at R.J.'s home. Attorney Perez gave R.J. a document with his contact information

and information pertaining to the drug store. Attorney Perez told R.J. to contact him when she had finished her medical treatment.

¶5 R.J. left three or four messages for Attorney Perez around December 2016 and January 2017, but received no response. In February 2017, R.J. sent Attorney Perez a letter asking about the status of her case and asking why he had not responded to her calls. Attorney Perez failed to respond. The February 2017 letter was the last contact R.J. had with Attorney Perez.

¶6 R.J. filed a grievance with the OLR against Attorney Perez. On September 19, 2017, the OLR sent a letter to Attorney Perez by first class mail requesting his written response to R.J.'s grievance by October 12, 2017. The letter was sent to Attorney Perez's last known place of business as listed with the State Bar of Wisconsin. Attorney Perez did not respond.

¶7 The OLR sent a second letter to Attorney Perez, by first class and certified mail, on October 27, 2017 asking for a response to R.J.'s grievance by November 8, 2017. The certified letter was returned marked "return to sender, unclaimed, unable to forward." The first class letter was not returned. Attorney Perez failed to respond.

¶8 On December 1, 2017, the OLR sent Attorney Perez a third letter, which was personally served on Attorney Perez on December 11, 2017. The letter required Attorney Perez to file a response to R.J.'s grievance no later than seven days from the date of service. Attorney Perez failed to respond.

3

¶9 The OLR filed a motion asking this court to order Attorney Perez to show cause why his law license should not be temporarily suspended due to his failure to cooperate in the OLR's investigation. Attorney Perez failed to respond to the order to show cause, and on February 14, 2018, this court temporarily suspended Attorney Perez's license to practice law in Wisconsin.

¶10 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Perez's representation of R.J.:

> **Count One:** By failing to take prompt and diligent action on R.J.'s personal injury claim, Attorney Perez violated SCR 20:1.3.[1]
>
> **Count Two:** By failing to respond to R.J.'s inquiries or otherwise keep her informed as to case status, Attorney Perez violated SCR 20:1.4(a)(3)[2] and SCR 20:1.4(a)(4).[3]
>
> **Count Three:** By willfully failing to respond to the OLR's attempt to investigate R.J.'s grievance, Attorney Perez violated SCR 22.03(2)[4] and SCR 22.03(6),[5] enforceable via SCR 20:8.4(h).[6]

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[3] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[4] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the

(continued)

4

¶11 The second client matter detailed in the OLR's complaint involved Attorney Perez's representation of L.H., who signed a fee agreement with Attorney Perez for representation in a personal injury case. L.H. informed Attorney Perez, via voice mail, that she had completed her medical treatment on December 15, 2017. Attorney Perez returned the phone call and said it would be 60-90 days before L.H. would receive a response to her claim. In December 2017, at Attorney Perez's request, L.H. provided him with a signed release for medical records.

¶12 L.H. called Attorney Perez on multiple occasions, but he failed to respond. Attorney Perez failed to notify L.H. that his law license had been suspended on February 14, 2018, and he

---

investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

failed to advise her to seek legal advice elsewhere. Attorney Perez never provided L.H. with her case file following termination of representation due to the suspension of his law license.

¶13 L.H. filed a grievance with the OLR against Attorney Perez. On August 28, 2018, the OLR sent Attorney Perez a letter via first class mail to his last known address requesting a written response to the grievance by September 20, 2018. Attorney Perez failed to respond. The OLR sent Attorney Perez a second letter on October 10, 2018 requesting a written response within seven days of service. Attorney Perez was personally served with the letter on October 22, 2018, but failed to respond to it.

¶14 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Perez's representation of L.H.:

> **Count Four:** By failing to take prompt and diligent action on L.H.'s personal injury claim, Attorney Perez violated SCR 20:1.3.
>
> **Count Five:** By failing to keep L.H. informed about the status of her case and respond to her requests for information, Attorney Perez violated SCR 20:1.4(a)(3) and (4).
>
> **Count Six:** By failing to provide L.H. notice of his law license suspension, and to advise L.H. to seek legal advice of her choice elsewhere, Attorney Perez violated SCR 22.26(1)(a) and (b),[7] enforceable via SCR 20:8.4(f).[8]

---

[7] SCR 22.26(1) provides:

(continued)

6

**Count Seven:** By failing to provide L.H. with her case file materials after the termination of his representation, Attorney Perez violated SCR 20:1.16(d).[9]

**Count Eight:** By willfully failing to provide the OLR with a response to L.H.'s grievance, Attorney Perez violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶15 The third client matter detailed in the OLR's complaint arose out of Attorney Perez's representation of C.H. In October 2016, C.H. entered into a contingent fee agreement

---

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[8] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[9] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

7

with Attorney Perez for representation in a personal injury matter. C.H. signed and returned a written fee contract to Attorney Perez at his direction.

¶16 On October 18, 2016, Attorney Perez emailed C.H. and requested a copy of the police report in her case. C.H. informed him via email the same day that she would follow through with this request. Starting in October 2016, C.H. began calling and leaving email messages for Attorney Perez asking for a status update on her case, but he failed to respond.

¶17 C.H. terminated Attorney Perez's representation effective March 11, 2017, via an email she sent to him and also via a certified letter. In her correspondence, C.H. said she had been trying to contact Attorney Perez for over a month and that she had called him at least 20 times or more without receiving any response. Attorney Perez failed to respond to the email or the certified letter. He never provided C.H. with her case file materials following termination of his representation.

¶18 In the summer of 2017, Attorney Perez called C.H., apologized for the delayed response to her emails and phone calls, and falsely informed her that a healthcare provider had never released her medical records to him. C.H. subsequently confirmed with the healthcare provider that the records had in fact been released to Attorney Perez.

¶19 C.H. filed a grievance with the OLR against Attorney Perez. On September 6, 2018, the OLR sent Attorney Perez a letter via first class mail to his last known address provided to the State Bar of Wisconsin asking for a written response to

the grievance by September 28, 2018. Attorney Perez failed to respond.

¶20 On October 10, 2018, the OLR sent Attorney Perez a second letter by first class mail. He was also personally served with the second letter on October 22, 2018. Although the October 10th letter requested a written response from Attorney Perez within seven days of service, he failed to respond.

¶21 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Perez's representation of C.H.:

> **Count Nine:** By failing to take prompt and diligent action on C.H.'s personal injury claim, Attorney Perez violated SCR 20:1.3.
>
> **Count Ten:** By failing to keep C.H. informed about the status of her case and promptly respond to her inquiries as to case status, Attorney Perez violated SCR 20:1.4(a)(3) and (4).
>
> **Count Eleven:** By failing to provide C.H. with her case file materials after the termination of his representation, Attorney Perez violated SCR 20:1.16(d).
>
> **Count Twelve:** By misrepresenting case status information to C.H., Attorney Perez violated SCR 20:8.4(c).[10]
>
> **Count Thirteen:** By willfully failing to provide the OLR with a response to C.H.'s grievance, Attorney Perez violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

---

[10] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶22 The fourth client matter detailed in the OLR's complaint arose out of Attorney Perez's representation of A.M. A.M. entered into a contingent fee agreement with Attorney Perez for representation in a personal injury matter on December 27, 2015.

¶23 On August 15, 2016, A.M. emailed Attorney Perez asking to meet in person and asking that he "get this process going," since she was being pursued by bill collectors for outstanding medical expenses related to her injuries. Attorney Perez failed to respond.

¶24 On March 1, 2017, A.M. emailed Attorney Perez informing him that a customer service representative for her treatment provider confirmed they had not received a request for her medical records from Attorney Perez, despite Attorney Perez's representation to A.M. that he had done so. Attorney Perez failed to respond.

¶25 On March 7, 2017, A.M. emailed Attorney Perez citing difficulty in communicating with him and questioning why, despite the fact that she concluded her medical treatment six months earlier, Attorney Perez had still not requested her medical records from the treatment provider. Attorney Perez failed to respond.

¶26 On March 14, 2017, A.M. emailed Attorney Perez saying, "After another week of no communication from you, I no longer wish to seek your representation. I need you to definitely acknowledge receipt of this note, so that I can move forward with my insurance company." Attorney Perez failed to respond.

¶27 On May 12, 2017, Attorney Perez emailed A.M. saying he had sent her medical records to the insurer "last week," and he expected to hear from the insurer within four to six weeks. In fact, he had not sent the medical records to the insurer.

¶28 On July 25, 2017, Attorney Perez emailed A.M. saying that the following day he would send a claim notice via certified mail to the insurer seeking a response within 30 days. The claim notice was never sent.

¶29 On August 17, 2017, A.M. emailed Attorney Perez seeking an update about her case. Attorney Perez responded the same day, stating he had previously sent the claim notice and the 30-day response was due the following day. On August 21, 2017, Attorney Perez emailed A.M. saying he had still not received a response to the claim notice. In fact, the claim notice had never been sent.

¶30 On September 12, 2017, A.M. emailed Attorney Perez for an update on her case. Attorney Perez failed to respond. On October 1, 2017, A.M. emailed Attorney Perez and informed him to take no further action on her case. She demanded that he return her file with 14 days. She emailed him again on October 10, 2017 reiterating her October 1, 2017 message, but Attorney Perez failed to respond.

¶31 A.M. subsequently received confirmation from the insurer that Attorney Perez never submitted a claim notice. On October 21, 2017, A.M. again emailed Attorney Perez seeking the return of her file within seven days and telling him to stop all work on her case other than to inform the insurer within 72

11

hours that he no longer represented her. Attorney Perez did not respond.

¶32 A.M. filed a grievance against Attorney Perez with the OLR. On May 31, 2018, the OLR sent Attorney Perez a letter requesting a written response to the grievance by June 25, 2018. Attorney Perez failed to respond.

¶33 On July 9, 2018, the OLR sent Attorney Perez a second letter requesting a written response by July 19, 2018. Attorney Perez failed to respond.

¶34 The OLR attempted personal service of A.M.'s grievance at the address Attorney Perez had provided to the State Bar of Wisconsin, at which the OLR had previously been successful in personally serving him. This time, despite several attempts, Attorney Perez could not be personally served.

¶35 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Perez's representation of A.M.:

> **Count Fourteen:** By failing to diligently advance A.M.'s personal injury claim, Attorney Perez violated SCR 20:1.3.
>
> **Count Fifteen:** By failing to keep A.M. reasonably informed about the status of her case and promptly respond to reasonable requests for information about her case, Attorney Perez violated SCR 20:1.4(a)(3) and (4).
>
> **Count Sixteen:** By misrepresenting case status information to A.M., Attorney Perez violated SCR 20:8.4(c).
>
> **Count Seventeen:** By failing to provide A.M. with her file after the termination of representation or inform

12

the insurer of the termination of his representation, Attorney Perez violated SCR 20:1.16(d).

**Count Eighteen:** By failing to respond to the OLR's written request for a response to A.M.'s grievance, Attorney Perez violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶36 In addition to the four client matters detailed in the OLR's complaint, the complaint also alleged that Attorney Perez practiced law following his February 14, 2018 license suspension.

¶37 In late January 2018, prior to the temporary license suspension, Attorney Perez had entered written not guilty pleas for a client in four separate but related traffic cases in Milwaukee County Circuit Court. The initial appearance for each case was scheduled for March 21, 2018. On that date, after his law license had been suspended, Attorney Perez appeared in circuit court for the initial appearance on the four cases. Due to the unavailability of the district attorney's office, the initial appearance for all cases was rescheduled to March 30, 2018.

¶38 On March 30, 2018, Attorney Perez appeared in circuit court with his client. Three of the four cases were dismissed. A finding of guilt was entered on the remaining case, and penalties were imposed. Attorney Perez failed to notify his client, opposing counsel, or the court that his law license had been suspended.

¶39 The OLR commenced a formal investigation of Attorney Perez's practice of law while suspended. On May 23, 2018, the OLR sent Attorney Perez a letter via first class mail requesting

13

a written response by June 15, 2018. Attorney Perez failed to respond.

¶40 On July 9, 2018, the OLR sent Attorney Perez a second letter requesting a written response by July 19, 2018. Attorney Perez failed to respond. The OLR attempted personal service at the address Attorney Perez provided to the State Bar of Wisconsin but was unsuccessful in personally serving him.

¶41 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Perez's practice of law while his license was temporarily suspended:

**Count Nineteen:** By failing to notify his client, opposing counsel, or the court that his law license had been temporarily suspended, Attorney Perez violated SCR 22.26(1)(a), (b), and (c),[11] enforceable via SCR 20:8.4(f).

**Count Twenty:** By appearing in Milwaukee County Circuit Court on March 21 and 30, 2018, following his temporary suspension, Attorney Perez violated SCR 22.26(2),[12] enforceable via SCR 20:8.4(f).

---

[11] SCR 22.26(1)(c) provides:

Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[12] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the
(continued)

14

**County Twenty One:** By failing to respond to the OLR's written request for a response to the allegation that he practiced law while suspended, Attorney Perez violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶42 The referee was appointed on May 9, 2019. On June 10, 2019, the OLR filed a notice of motion and motion for default judgment. An affidavit of OLR's assistant litigation counsel Thomas J. Laitsch averred that on April 16, 2019, the OLR had filed an affidavit of attempted service of the complaint on Attorney Perez. The affidavit stated that the OLR served Attorney Perez pursuant to SCR 22.13(1)[13] by sending authenticated copies of the complaint and order to answer by certified mail to the most recent address furnished by Attorney Perez to the State Bar of Wisconsin and that Attorney Perez failed to file an answer to the complaint.

---

practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[13] SCR 22.13(1) provides:

The complaint and the order to answer shall be served upon the respondent in the same manner as a summons under section 801.11(1) of the statutes. If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar.

¶43 On August 2, 2019, the referee issued a report recommending that this court grant the OLR's motion for default judgment. The referee found that service upon Attorney Perez had been accomplished pursuant to SCR 22.13(1).

¶44 Based upon Attorney Perez's failure to file an answer or otherwise appear in the proceeding, the referee recommended that he be declared to be in default. The referee found that the factual allegations of the OLR's complaint should be taken as true and proven by clear, satisfactory, and convincing evidence. The referee recommended a nine-month suspension of Attorney Perez's Wisconsin law license and the imposition of the full costs of the proceeding.

¶45 Attorney Perez did not appeal from the referee's report and recommendation, so we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶46 We agree with the referee that Attorney Perez should be declared in default. In addition, the referee appropriately relied upon the allegations of the complaint, which were deemed admitted by Attorney Perez's failure to answer. Thus, we agree with the referee that the factual allegations of the OLR's

16

complaint may be taken as true and proved by clear, satisfactory, and convincing evidence that Attorney Perez committed all of the counts of misconduct alleged in the complaint.

¶47 With respect to the appropriate discipline, upon careful review of the matter, we agree with the referee's recommendation for a nine-month suspension of Attorney Perez's license to practice law in Wisconsin. Although no two disciplinary proceedings are identical, a nine-month suspension is generally consistent with the sanction imposed in In re Disciplinary Proceedings Against Cavendish-Sosinski, 2004 WI 30, 270 Wis. 2d 200, 676 N.W.2d 887 (attorney's license suspended for nine months for 25 counts of misconduct involving nine clients. As in this case, the attorney defaulted by not answering the complaint. As here, the attorney had no prior disciplinary history). This case is also somewhat analogous to In re Disciplinary Proceedings Against Hansen, 2009 WI 56, 318 Wis. 2d 1, 768 N.W.2d 1 (attorney's license suspended for nine months for 28 counts of misconduct involving four separate matters); and In re Disciplinary Proceedings Against Nott, 2003 WI 17, 260 Wis. 2d 4, 658 N.W.2d 438 (attorney's license suspended for nine months for multiple counts of misconduct involving three clients).

¶48 We also agree with the referee's recommendation that Attorney Perez be required to pay the full costs of this proceeding. The OLR does not seek restitution, and we do not impose a restitution award.

17

¶49 IT IS ORDERED that the license of Ricardo Perez to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶50 IT IS FURTHER ORDERED that within 60 days of the date of this order, Ricardo Perez shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,957.12 as of August 21, 2019.

¶51 IT IS FURTHER ORDERED that, to the extent he has not already done so, Ricardo Perez shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶52 IT IS FURTHER ORDERED that compliance with all conditions with this order is required for reinstatement. See SCR 22.29(4).

¶53 IT IS FURTHER ORDERED that the temporary suspension of Ricardo Perez's Wisconsin law license imposed on February 14, 2018 is hereby lifted.